**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LETICIA PEREZ GONZALEZ, | No. 08-74041 |
| Petitioner, | Agency No. A097-355-205 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Leticia Perez Gonzalez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Perez Gonzalez's motion to reopen on the ground that she failed to demonstrate prima facie eligibility for the relief she sought. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003).

We are not persuaded that Perez Gonzalez's removal would result in a deprivation of her daughter's constitutional rights. *See Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir. 1978) (rejecting the contention that a parent's "deportation order would amount to a de facto deportation of the child and thus violate the constitutional rights of the child").

We lack jurisdiction to consider Perez Gonzalez's contentions regarding changed circumstances in Mexico, as well as her contention that the immigration judge should have reopened proceedings sua sponte, because she failed to exhaust these claims before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Finally, we lack jurisdiction to review the BIA's February 13, 2008, order because the instant petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

08-74041